**RICKEY IVIE, ESQ. (SBN 76864)**
rivie@imwlaw.com
**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT**
**PURCELL & DIGGS, APLC**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Attorneys for Defendants,
**COUNTY OF LOS ANGELES AND SHERIFF ALEX VILLANUEVA**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUISE WILLIAMS, individually and as Successor-in-Interest to THE ESTATE OF FRED WILLIAMS III; THE ESTATE OF FRED WILLIAMS III, and, FRED WILLIAMS JR., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a municipal entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a municipal entity, SHERIFF ALEX VILLANUEVA, in his individual and official capacities, and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> LASC Case No.:   **21STCV10906** <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(a) AND 1446(a); AND DECLARATION OF ANTONIO K. KIZZIE** <br><br> Complaint Filed: March 22, 2021 <br><br> Complaint Served: March 24, 2021 |

-1-

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant COUNTY OF LOS ANGELES, a municipal entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a municipal entity, SHERIFF ALEX VILLANUEVA, in his individual and official capacities, and DOES 1-50, inclusive, ("Defendants") hereby remove this action from the Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central District of California.  The removal is made pursuant to 28 U.S.C. §§ 1441 (a), 1446(a), on the facts set forth below:

1.     The DEFENDATS are named as defendants in this civil action filed in the Superior Court of the State of California; County of Los Angeles entitled DONNA LOUISE WILLIAMS, individually and as Successor-in-Interest to THE ESTATE OF FRED WILLIAMS III; THE ESTATE OF FRED WILLIAMS III, and, FRED WILLIAMS JR., an individual, *v. COUNTY OF LOS ANGELES, a municipal entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a municipal entity, SHERIFF ALEX VILLANUEVA, in his individual and official capacities, and DOES 1-50, inclusive,,* Superior Court Case No. 21STCV10906.

2.     Plaintiffs DONNA LOUISE WILLIAMS, individually and as Successor-in-Interest to THE ESTATE OF FRED WILLIAMS III; THE ESTATE OF FRED WILLIAMS III, and, FRED WILLIAMS JR., an individual ("Plaintiffs") filed this Complaint for Damages on March 22, 2021.  A true and correct copy of Plaintiff's Complaint for Damages, is attached as **Exhibit 1**.

3.     Defendant COUNTY OF LOS ANGELES was served on March 24, 2021.

4.     Defendant SHERIFF ALEXANDER VILLANUEVA was served on March 24, 2021.

5.     This action meets the original jurisdiction requirements of 28 U.S.C. § 1441(a) and is removable by Defendants pursuant to 28 U.S.C. § 1446(a).  A case is removable from state to federal court if the action could have been originally

commenced in federal court. 28 U.S.C. § 1441(a); *Grubbs v. General Electric Credit Union Corp.*, 405 US 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by the reference to Plaintiff's Complaint filed in state court. *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-44 (3d Cir. 1974). When the Complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. *Id.* Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 U.S.C. §1343(a)(3). Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions. *See* 28 U.S.C. § 1331.

6.   The gravamen of this action is the federal civil rights claims set forth in the seventh cause of action of Plaintiff's Complaint.

7.   State claims are also asserted in the first, second, third, fourth, fifth, and sixth causes of action of Plaintiff's Complaint. When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which derive "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1996).

8.   All of the defendants who have been served consent to the removal of this matter. (See Declaration of Antonio K. Kizzie). Accordingly, there is no other defendant(s) who needs to consent in order for this case to be removed at this time. 28 U.S.C. Code §1446(b)(2)(A)

9.   The Notice of Removal is filed with this Court within 30 days after Defendant County of Los Angeles was served with Complaint on March 24, 2021.

10.   The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

///

///

///

**WHEREFORE**, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.


Dated:  April 8, 2021                    **IVIE McNEILL WYATT**
                                         **PURCELL & DIGGS, APLC**

                              By:  ____*/s/ Antonio K. Kizzie*_____
                                   Rickey Ivie
                                   Antonio K. Kizzie
                                   Attorneys for Defendants,
                                   **COUNTY OF LOS ANGELES, et al.**

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§1441(A) AND 146(A)

## **DECLARATION OF ANTONIO K. KIZZIE**

I, ANTONIO K. KIZZIE, declares as follows:

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court. I am a senior associate in the Law Firm of Ivie McNeill Wyatt Purcell & Diggs, APLC counsel for Defendant County of Los Angeles and Sheriff Alexander Villanueva in the within action.   The statements contained in this declaration are made of my personal knowledge except as to those statements expressly stated to be made under information and belief.   If called to testify as a witness, I could and would competently testify to the facts set forth herein below.

2.      Attached hereto as **Exhibit 1**, is a true and correct copy of Plaintiff's Complaint and the Summons served on the County of Los Angeles on or about March 24, 2021. Sheriff Alexander Villanueva was also served on or about March 24, 2021.

3.      All of the Defendants, who have been served, consent to the removal of this matter. Accordingly, there are no other Defendants who need to consent in order for this case to be removed at this time.

4.      The Notice of Removal is filed with this Court within 30 days after Defendants COUNTY OF LOS ANGELES and Sheriff Alex Villanueva were served with the Complaint on or about March 24, 2021.

5.      The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(A) AND 146(A)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     6.     I declare under penalty of perjury to the laws of the United States of America that the foregoing is true and correct.

     Executed on this 8th day of April, 2021 at Los Angeles, California.

<u>/s/ *Antonio K. Kizzie*</u>
Antonio K. Kizzie, Declarant

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§1441(A) AND 146(A)

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2021 12:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
21STCV10906

| | |
|---|---|
| **SUMMONS**<br>*(CITATION JUDICIAL)* | **SUM-100**<br>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2021 MAR 24  P 2: 28

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES, a municipal entity, et al. (Additional Parties form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Successor-In-Interest to the Estate of
DONNA LOUISE WILLIAMS, individually and as
Fred Williams III, et. al (Additional Parties form is attached)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV10906 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian D. Witzer, The Law Offices of Brian D. Witzer, Inc., 2393 Venus Dr., Los Angeles, CA 90046: Tel: (310) 777-5999

| DATE:<br>*(Fecha)* 03/22/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* D. Ramos | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* County of Los Angeles, a municipal entity

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 416.50 public entity

4. ☒ by personal delivery on *(date):* 3-24-21

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]  [Save this form]   

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Williams, et al. v. County of Los Angeles, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

COUNTY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a municipal entity, SHERIFF ALEX VILLANUEVA, in his individual and official capacities, and DOES 1-50 inclusive.

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Williams, et al. v. County of Los Angeles, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ x ] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

DONNA LOUISE WILLIAMS, individually and as Succesor-In-Interest to THE ESTATE OF FRED WILLIAMS III; THE ESTATE OF FRED WILLIAMS III; and, FRED WILLIAMS JR., an individual

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear
This Form button after you have printed the form.      | Print this form |   | Save this form |        | Clear this form |

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2021 10:27 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV10906

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1    LAW OFFICES OF BRIAN D. WITZER, INC.
    Brian D. Witzer (SBN 123277)
2    Eric C. Canton (SBN 311666)
    Kenneth J. Melrose (SBN 310113)
3    2393 Venus Drive
    Los Angeles, California 90046
4    Telephone: (310) 777-5999
    Facsimile: (310) 777-5988

5

6

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

           COUNTY OF LOS ANGELES – CENTRAL DISTRICT

8

9

10   DONNA LOUISE WILLIAMS, individually and
     as Successor-in-Interest to THE ESTATE OF
11   FRED WILLIAMS III; THE ESTATE OF FRED
     WILLIAMS III, and, FRED WILLIAMS JR., an
12   individual,

13              Plaintiffs

14   vs.

15   COUNTY OF LOS ANGELES, a municipal
     entity, LOS ANGELES COUNTY SHERIFF'S
16   DEPARTMENT, a municipal entity, SHERIFF
     ALEX VILLANUEVA, in his individual and
17   official capacities, and DOES 1-50 inclusive,

18

19             Defendants.

Case No. 21STCV10906

COMPLAINT FOR DAMAGES

1. WRONGFUL DEATH
2. BATTERY (SURVIVAL ACTION)
3. ASSAULT (SURVIVAL ACTION)
4. NEGLIGENCE (SURVIVAL ACTION)
5. VIOLATIONS OF CAL. CIV. CODE § 52.1 (BANE ACT) (SURVIVAL ACTION)
6. NEGLIGENT HIRING, SUPERVISION, RETENTION (SURVIVAL ACTION)
7. DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

[Amount Demanded Exceeds $25,000]

DEMAND FOR JURY TRIAL

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1                **COMPLAINT AND DEMAND FOR JURY TRIAL**

2        COME NOW the Plaintiffs FRED WILLIAMS III, Decedent, DONNA LOUISE WILLIAMS,

3 individually and as successor-in-interest of FRED WILLIAMS III, and, FRED WILLIAMS JR. an

4 individual ("Plaintiffs") for causes of action against the Defendants, COUNTY OF LOS ANGELES, a

5 municipal entity, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a municipal entity,

6 SHERIFF ALEX VILLANUEVA, in his individual and official capacities, and DOES 1-50 inclusive

7 and each of them, and complain and allege as follows:

8                          **INTRODUCTION**

9        Plaintiff, FRED WILLIAMS III (hereinafter referred to as "FRED WILLIAMS III or

10 "Decedent"), now deceased, was shot and killed by a Los Angeles County Sheriff's Department Deputy

11 ("Deputy DOE 1"), on October 16, 2020 at approximately 5:30 P.M., as he was fleeing Deputy DOE

12 1's armed pursuit in the general area of 2255 East 122nd street Compton, California. On that day,

13 without provocation or justification, and with willful and conscious disregard for Decedent's life,

14 Deputy DOE 1 fired eight rounds from his service weapon at Decedent as he leapt over a fence,

15 jumping away from the Deputy. One of the gunshots struck Decedent in the back, and deflected into his

16 abdomen, causing him to eventually bleed to death. The County of Los Angeles Department of the

17 Medical Examiner-Coroner determined the cause of death of Decedent to be a gunshot wound of back

18 and deferred the case for additional investigation. After a fruitless Coroner's inquest proceeding on

19 January 28, 2021, which was at all times cloaked in Fifth Amendment pleas and confidentiality claims

20 that obscured any inkling of what truly took place on the day their family member was gunned down,

21 Plaintiffs were left with no other redress than to file the present suit.

22                          **PARTIES**

23      1.     Plaintiff DONNA LOUISE WILLIAMS is an individual residing in the United States

24 and is the surviving grandmother of the Decedent, FRED WILLIAMS III, who raised Decedent from

25 youth, and with whom Decedent lived until the time of his death.

26      2.     Plaintiff THE ESTATE OF FRED WILLIAMS III is represented by and through

27 Plaintiff, FRED WILLIAMS JR. who brings this action as its Successor-in-Interest pursuant to Code of

28 Civil Procedure § 377.60.

3.     Plaintiff FRED WILLIAMS JR. is an individual residing in the United States and is the surviving father of the Decedent.

4.     At all relevant times herein, Defendants COUNTY OF LOS ANGELES ("LA County") and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") were, and are, municipal corporations organized and existing under the laws of the State of California.

5.     Plaintiffs are informed, believe, and thereon allege that at all relevant times herein, Defendant SHERIFF ALEX VILLANUEVA was acting not only as an individual, but was also acting within the course and scope his employment as the LASD Sheriff, under the complete authority and ratification of the County. He is sued therefore in both his individual and official capacities.

6.     Plaintiffs are informed, believe, and thereupon allege that DOE 1 was an LASD Sheriff's deputy (hereinafter, from time to time, "Deputy DOE 1") who was acting as an agent, servant and employee of Defendant LA County and/or the LASD, and was acting within the course and scope of his employment therewith, and with complete authority and ratification of County when he shot and killed Decedent on the date of the incident. He is sued therefore in both his individual and official capacities. Plaintiffs will amend this Complaint to allege his true name and capacity when ascertained.

7.     Plaintiffs are informed, believe, and thereupon allege that remaining DOES 2 through 50 were the agents, servants, and employees of Defendant LA County and/or the LASD. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 2 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. The individual DOE Defendants are sued in both their individual and official capacities.

8.     Upon information and belief, at all material times herein, each defendant was the agent, servant and employee of Defendant LA County and was acting within the purpose, scope and course of said agency, service and employment, with the express and/or implied knowledge, permission and consent of said Defendant, who ratified and approved the acts of the other Defendants.

9.     Allegations made in this Complaint are based upon information and belief, except those allegations which pertain to the named Plaintiffs which are based on personal knowledge. The allegations of this Complaint stated on information and belief are likely to have evidentiary support

2

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    after a reasonable opportunity for further investigation or discovery

2        10.    The true names and capacities, whether individual, corporate, associate or otherwise, of

3    defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue said defendants

4    by such fictitious names.  Each of the defendants designated herein as a DOE is legally responsible in

5    some manner for the events and happenings herein alleged, and Plaintiffs' damages as alleged herein

6    were proximately caused by such defendants. Plaintiffs will ask leave of this Court to amend this

7    Complaint and insert the true names and capacities of said DOE defendants when the same have been

8    ascertained.

9        11.    Plaintiffs are informed, believe, and thereupon allege that the practices, policies, and

10   customs of the County of Los Angeles and/or the LASD caused the unlawful action taken against

11   Plaintiffs.

12   **JURISDICTION AND VENUE**

13       12.    This Court has jurisdiction over this action pursuant to California Code of Civil

14   Procedure, section 410.10.

15       13.    Venue is proper in this Court because the events and transactions giving rise to this

16   action took place in Los Angeles County.

17       14.    Plaintiff timely presented a government tort claim to the County of Los Angeles on

18   November 4, 2020 pursuant to California Government Code sec. 910 for damages sustained as a result

19   of the incident alleged herein (which claims are attached to the Declaration of Kenneth J. Melrose

20   ("KJM Decl.") in support of the Complaint as Exh. "A".) The claims were rejected by Defendant,

21   County of Los Angeles by their failure to respond within forty-five days from the presentation of the

22   claim for damages (see corresponding rejection of claims by the County attached as Exh. "B" to KJM

23   Decl.) Based on the foregoing Plaintiff has jurisdiction to present these claims.

24   **NATURE OF ACTION**

25       15.    On October 16, 2020, at approximately 5:30 p.m. Decedent was standing around Mona

26   Park, near 2255 East 122nd street in Compton, California, with a group of friends.

27       16.    Without warning, Deputy DOE 1 and another unknown LASD deputy pulled their squad

28   car up to the group, and Deputy DOE 1 abruptly leapt from the vehicle, and gave chase to Decedent, who

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

fled.

17.   After taking flight, Decedent ran through the parking lot of Mona Park, out onto E 122nd Street, wherein he ran up the driveway of the private residence located at 2255 East 122nd street, into the backyard.

18.   Deputy DOE 1 gave chase on foot, and unholstered his service weapon, running gun-in-hand after Decedent. Meanwhile, the unknown Deputy DOE, presumably DOE 1's partner, drove the squad car to the private residence, and parked it out front.

19.   Deputy DOE 1 ran up the driveway with weapon held at the ready, following Decedent into the residence's backyard.

20.   As he turned a blind corner around the garage in the backyard, Deputy DOE saw Decedent standing atop the roof of a metal shed, preparing to leap over a lower cinderblock wall into the adjacent private residence's backyard.

21.   Instantly, and without any preceding command, Deputy DOE 1 fired eight shots, as Decedent leapt away from him, over the wall.

22.   Decedent was hit in his back as he leapt in midair, and based on the deflection of the bullet from his scapula into his abdomen, fatally bled to death , landing on the other side of the wall in a crumpled ball.

23.   No immediate emergency life saving measures were employed, and it is likely that Decedent lay there for some time, untreated.

### FIRST CAUSE OF ACTION

**Wrongful Death Action pursuant to CCP sec. 377.60 & 377.61**

*Donna Louise Williams and Fred Williams Jr. v. All Defendants*

24.   Plaintiffs reallege and reincorporate by reference each and every paragraph above as though fully set forth herein.

25.   Plaintiff, Fred Williams Jr., as parent and surviving heir of his son, Fred Williams III and Donna Louise Williams, as grandmother and surviving heir of her grandson, assert a wrongful death action against all Defendants pursuant to §377.60 *et seq.* and § 377.61 *et seq.* of the California

1  Code of Civil Procedure. Said claim is based upon the fact that the negligent, reckless, and/or wrongful

2  acts and omissions of Defendants, and Defendant Deputy DOE 1, as alleged herein, was a direct,

3  proximate, and legal cause of Fred Williams III's death. As a result of Decedent's wrongful death,

4  Plaintiffs' losses include but are not limited to: Plaintiffs' loss to Decedent's companionship, comfort,

5  society, and life-long love, which Plaintiffs will be deprived for the remainder of their lives.

6       26.     Defendants, and each of them, including DOES 2 through 50, and Deputy DOE 1

7  inclusive, owed a duty of care to all reasonably foreseeable people, including Plaintiffs and Decedent,

8  to carry out their law enforcement duties in a reasonable manner, including with the justified use of any

9  force, including and especially, deadly force.

10      27.     Plaintiffs are informed, believe and thereon allege that at all times relevant and

11  mentioned herein, Defendants, including DOES 2 through 50, and especially Deputy DOE 1, were

12  acting within the course and scope of their employment with the Los Angeles County Sheriff's

13  Department when they breached these duties by unlawfully and unjustifiably, without consent, cause,

14  and/or provocation, used deadly force against Decedent, Fred Williams III, when Deputy DOE 1

15  intentionally fired eight shots from his duty weapon towards Decedent which inflicted a fatal wound

16  and resulted in Decedent's death.

17      28.     Plaintiffs are further informed, believe, and thereon allege that at all times relevant and

18  mentioned herein, Defendants LASD and LA County owed a duty of care to all reasonably foreseeable

19  people, including Plaintiffs and Decedent, to reasonably train and supervise their police officers to

20  carry out their law enforcement duties, including particularly, with the use of any firearms or any force

21  whatsoever, in a reasonable manner.

22      29.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and

23  mentioned herein, Defendants LASD and LA County and DOES 2 through 50 breached these duties

24  when they negligently, recklessly, and intentionally or willfully, failed to adequately train, supervise,

25  and discipline their deputies, especially Deputy DOE 1, in the use of force, including deadly force.

26      30.     As a direct and proximate result of these acts and omissions of Defendants LASD and

27  LA County, including DOES 1 through 50, and each of them, by their failure to re-train, discipline, and

28

1  remove unfit deputies from service, caused all of the conduct outlined in this claim to occur; which

2  resulted in the wrongful death of Decedent Fred Williams III.

3      31.    As a further direct and legal proximate result of aforementioned wrongful conduct by

4  Defendants, each of them, including DOES 1 through 50, inclusive, Plaintiffs Fred Williams Jr. and

5  Donna Louise Williams have sustained damages including but not limited to their loss of love,

6  companionship, comfort, care, assistance, protection, society, and support of Decedent, Fred Williams

7  III.

8      32.    Pursuant to  C.C.P. sections 377.60 and 377.61, Plaintiffs have brought this action, and

9  claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and

10  damages.

11  <div align="center">**SECOND CAUSE OF ACTION**</div>

12  <div align="center">**Battery as a Survival Action pursuant to CCP sec. 377.30**</div>

13  <div align="center">*Plaintiff Fred Williams III by and through Fred Williams Jr., his successor-in-interest vs. All*

14  <div align="center">*Defendants*</div>

15      33.    Plaintiffs reallege and reincorporate by reference each and every paragraph above as

16  though fully set forth herein.

17      34.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

18  mentioned herein, Deputy DOE 1 committed a battery against Plaintiff Decedent, when Deputy DOE 1

19  intentionally fired eight shots from his duty weapon towards Decedent, which inflicted a fatal wound.

20  Deputy DOE used unreasonable, unnecessary, and excessive force without sufficient provocation, or

21  legal justification.

22      35.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

23  mentioned herein, Defendants and DOES 1 through 50 acted intending that a harmful or offensive

24  contact occur on the person of Fred Williams III.

25      36.    Deputy DOE 1 aimed his duty weapon towards Decedent and thereafter deliberately,

26  intentionally, repeatedly and unjustifiably discharged eight bullets at Decedent, for purposes, including

27  but not limited to causing a bullet to strike Decedent's person, causing a severe bodily injury and the

28  death of Decedent Fred Williams III.

1      37.    As a direct and legal proximate result of Defendants' intentional actions to repeatedly

2  discharge bullets at Decedent sustained a fatal injury.

3      38.    Defendants, LA County, LASD, and all DOES, 1 through 50 inclusive, are vicariously

4  liable for any battery injury committed by named Defendants under Governmental Code §§ 815.2,

5  815.3 and 820.

6      39.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

7  including DOES 1 through 50, inclusive, Plaintiffs, and each of them, have incurred economic losses,

8  including, but not limited to, funeral and burial expenses in an amount to be stated according to proof,

9  pursuant to California Code of Civil Procedure section 425.10.

10     40.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

11  including DOES 1 through 50, inclusive, Plaintiffs FRED WILLIAMS JR., and DONNA LOUISE

12  WILLIAMS, as successors-in-interest to Decedent, FRED WILLIAMS III, hereby seek all damages

13  accruing to Decedent in a survival action, under California Code of Civil Procedure §377.34, including

14  punitive damages against Defendants, and each of them.

15     41.    Plaintiffs also seek all damages accruing to decedent in a survival action, under the Bane

16  Act, including but not limited to, attorneys' fees..

17                    **THIRD CAUSE OF ACTION**

18           **Assault as a Survival Action pursuant to CCP sec. 377.30**

19  *Plaintiff Fred Williams III by and through Fred Williams Jr., his successor-in-interest vs. All*

20                                *Defendants*

21     42.    Plaintiffs reallege and reincorporate by reference each and every paragraph above as

22  though fully set forth herein.

23     43.    Plaintiffs are informed, believe and thereon allege that at all times relevant and

24  mentioned herein, Defendants violated Decedent's right to live without having to endure the fear of an

25  imminent and immediate injury caused by Defendants' and Deputy DOE 1's intentional conduct.

26     44.    Upon information and belief, Defendants, including Deputy DOE 1, committed an

27  assault when they willfully and unlawfully acted with the intent to cause Decedent to believe that he

28  would endure a harmful or offensive contact. At the time of the aforementioned assault Decedent posed

1    no threat whatsoever to Defendants or anyone else.

2        45.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

3    mentioned herein, Decedent reasonably believed that he was about to be touched in a harmful and

4    offensive manner by Defendants. Defendants, including Deputy DOE 1, actually threatened to touch

5    Decedent, including but not limited to discharging a firearm, in an offensive and harmful manner.

6        46.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

7    mentioned herein, it reasonably appeared to Decedent that Defendant Deputy DOE 1 discharged his

8    firearm at Decedent, which was a threat of offensive touching which would offend the reasonable sense

9    of personal dignity of a person and did, in fact, offend Decedent's reasonable sense of personal dignity

10   prior to his death.

11       47.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

12   mentioned herein, Decedent never consented to the conduct of Defendants, including Deputy DOE 1.

13       48.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

14   mentioned herein, Decedent was harmed by the conduct of Defendants, including Deputy DOE 1.

15       49.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

16   mentioned herein, Defendants' conduct was a substantial factor in causing harm to Decedent.

17       50.    The aforementioned acts of Defendants were done by them knowingly, intentionally,

18   and maliciously, for the purpose of harassment, oppression and inflicting injury upon Decedent, and in

19   reckless, wanton, and callous disregard of his safety, security, and civil rights.

20       51.    Plaintiffs are further informed, believe, and thereon allege that at all times relevant and

21   mentioned herein, Decedent was harmed by Defendants and Deputy DOE 1, each of whom were

22   responsible for the harm, because they were part of a conspiracy to commit assault against the public.

23   Based on information and belief, within Los Angeles County Sheriff's Department and County of Los

24   Angeles, there was a custom, policy and practice, and agreement, whether express or implied, oral or

25   written, whereby gangs, operating within the Sheriff's Department, including, but not limited to, the

26   "Executioners", the "Jump Out Boys", the "Vikings" and/or the "3,000 Boys", would use violence,

27   threats, and retaliation against other deputies, supervisors, and the public. Plaintiffs are informed,

28   believe, and thereon allege that at all times relevant and mentioned herein, Defendants and Deputy

8

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  DOE 1 had possible affiliations with these gangs and, on the day of the subject incident, were possibly

2  acting in connection and in agreement with these other gang members.

3      52.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

4  mentioned herein, that Defendants LA County and LASD knew that Deputy DOE 1 planned to commit

5  an act of assault by harming decedent, FRED WILLIAMS III. Plaintiffs are further informed, believe,

6  and thereon allege Defendants intended that the act of assault be committed against Decedent.

7      53.    The conduct of Defendants, including Defendant DOE, was done within the course and

8  scope of their employment, agency and/or service with defendants Los Angeles County Sheriff's

9  Department, County of Los Angeles, inclusive, and under color of their authority, and Defendants Los

10  Angeles County Sheriff's Department, County of Los Angeles, are, therefore, vicariously liable for

11  same under Government Code sections 815.2, 815.3 and 820.

12      54.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

13  Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and

14  burial expenses in an amount to be stated according to proof, pursuant to California Code of Civil

15  Procedure section 425.10.

16      55.    As a legal, direct, and proximate result of the conduct of Defendants, Plaintiffs Fred

17  Williams Jr. and Donna Louise Williams, by and on behalf of the Estate of Fred Williams III, hereby

18  seek all damages accruing to Decedent in a survival action, under California Code of Civil Procedure

19  section 377.34, including punitive damages, against each Defendant. In addition, Plaintiffs seek all

20  damages under the Bane Act, including, but not limited to, attorneys' fees.

21                          <u>FOURTH CAUSE OF ACTION</u>

22              NEGLIGENCE as a Survival Action pursuant to CCP sec. 377.30

23      *Plaintiff Fred Williams III by and through Fred Williams Jr., his successor-in-interest vs. All*
                                    *Defendants*
24

25      56.    Plaintiffs reallege and reincorporate by reference each and every paragraph above

26  as though fully set forth herein.

27      57.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

28  mentioned herein, Defendants owed a duty of care to all reasonably foreseeable people, including

1  Plaintiffs and Decedent, to carry out their law enforcement duties in a reasonable manner, including
2  with the use of any firearms or any force whatsoever.

3  58.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and
4  mentioned herein, Defendants carelessly and negligently carried out their law enforcement duties, and
5  particularly Deputy DOE 1 used his firearm in a reckless way, and with willful and conscious
6  disregard, when he shot and killed Decedent.

7  59.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and
8  mentioned herein, said careless, negligent, reckless, and unlawful conduct by Defendants was the
9  direct, legal, and proximate cause of the bodily harm and death of Decedent and the resulting damages
10 to Plaintiffs herein alleged.

11 60.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and
12 mentioned herein, Defendants LASD and LA County owed a duty of care to all reasonably foreseeable
13 people, including Plaintiffs and Decedent, to reasonably hire, select retain and discipline their police
14 Deputies, including Deputy DOES 1 through 50, inclusive.

15 61.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and
16 mentioned herein, Defendants LASD and LA County owed a duty of care to all reasonably foreseeable
17 people, including Plaintiffs and Decedent, to reasonably train and supervise their police officers to
18 carry out their law enforcement duties, including particularly, with the use of any firearms or any force
19 whatsoever, in a reasonable manner.

20 62.    Plaintiffs are informed, believe and thereon allege that at all times relevant and
21 mentioned herein, Defendants further breached their duty because within Los Angeles County Sheriff's
22 Department and County of Los Angeles, there was a custom, policy and practice, whether express or
23 implied, oral or written, that allowed all of the conduct outlined in this claim to occur and that allowed
24 this tragic and unjustified shooting of Decedent to occur.

25 63.    Plaintiffs also are informed, believe, and thereon allege that at all times relevant and
26 mentioned herein, Defendants knew or should have known about gangs within the Los Angeles County
27 Sheriff's Department. Based on information and belief, these gangs are comprised of Los Angeles
28 County Sheriff's Deputies who use violence, threats, and retaliation against other deputies, supervisors,

and the public. Plaintiffs also are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendant Deputy DOE 1 had possible affiliations with at least one of these Los Angeles County Sheriff's Department gangs. Moreover, Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Sheriff Alex Villanueva and DOES 1 through 50, inclusive, specifically knew or should have known of these gangs' presence in the Los Angeles County Sheriff's Department and failed to take any action.

64.  The conduct of Defendants and each of them, was done within the course and scope of their employment, agency and/or service with Defendants Los Angeles County Sheriff's Department, County of Los Angeles, and under color of their authority, and defendants Los Angeles County Sheriff's Department and County of Los Angeles, and each of them, are, therefore, vicariously liable for the same under Government Code sections 815.2, 815.3 and 820.

65.  As a direct legal and proximate result of the conduct of Defendants Plaintiffs, Fred Williams III and Donna Louise Williams as successors-in-interest to the Estate of Fred Williams Jr., hereby seek all damages accruing to Decedent in a survival action, under California Code of Civil Procedure section 377.34, including punitive damages, against each Defendant. In addition, Plaintiffs seek all damages under the Bane Act, including, but not limited to, attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Bane Act (C.C.P. § 52.1)

*Plaintiffs v. All Defendants*

66.  Plaintiffs reallege and reincorporate by reference each and every paragraph above as though fully set forth herein.

67.  Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants made threats of violence against Decedent causing him to reasonably believe that if he exercised his rights guaranteed to him by the Constitutions of the United States and the State of California, and under Civil Code section 52.1, including, but not limited, his right to be secure in his person and free from the use of excessive force, the right of protection from bodily restraint and harm, he would be harmed or killed.

68.  Plaintiffs are informed, believe, and thereon allege that at all times relevant and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

mentioned herein, Defendants intentionally interfered by threats, intimidation and/or coercion, with the exercise and enjoyment by Decedent prior to his death, of rights secured by the Constitution of the United States and the State of California, including interference with his rights to be secure in his person and free from the use of excessive force, unreasonable harassment or detention without reasonable suspicion and probable cause, and the right of protection from bodily restraint and harm, unreasonable harassment or detention without reasonable suspicion and probable cause, the right to due process, and equal protection, Defendants would commit violence against him and/or his property. Furthermore, Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants had the apparent ability to carry out these threats.

69.     Plaintiffs are also informed, believe, and thereon allege that at all times relevant and mentioned herein Defendants, including Defendant DOE acted violently against Decedent to prevent him from exercising his rights guaranteed to him by the Constitutions of the United States and the State of California, and under Civil Code section 52.1, including, but not limited, his right to be secure in his person and free from the use of excessive force, the right of protection from bodily restraint and harm, the right to due process, and equal protection. Furthermore, Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein Defendants, including Defendant Deputy DOE 1, acted violently to retaliate against Decedent, FRED WILLIAMS III, for having exercised his aforementioned rights.

70.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein Decedent was, without any provocation or justification whatsoever, fatally shot in the back by Defendant Deputy DOE 1.

71.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants' conduct was a substantial factor in causing the tragic death of Decedent.

72.     The conduct of Defendants was done within the course and scope of their employment, agency and/or service with defendants Los Angeles County Sheriff's Department and County of Los Angeles, inclusive, and under color of their authority, and Defendants Los Angeles County Sheriff's Department and County of Los Angeles, and each of them, are, therefore, vicariously liable for the same under Government Code §§ 815.2, 815.3 and 820.

73.     As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of the law, by Defendants, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective Decedent.

74.     As a legal, direct, and proximate result of the conduct of Defendants, Plaintiffs have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

75.     As a legal, direct, and proximate result of the conduct of Defendants, Plaintiffs Fred Williams Jr. and Donna Louise Williams by and on behalf of the Estate of Fred Williams III hereby seek all damages accruing to Decedent in a survival action, under California Code of Civil Procedure section 377.34, including punitive damages, against Defendants. In addition, Plaintiffs seek all damages under the Bane Act, including, but not limited to, attorneys' fees.

76.     Under California Civil Code section 52(b)(2), Plaintiffs are further entitled to a civil penalty of $25,000.00.

## SIXTH CAUSE OF ACTION

### Negligent Training, Retention, and Supervision

*Plaintiffs vs. All Defendants and DOES 1 through 50 inclusive*

77.     Plaintiffs reallege and reincorporate by reference each and every paragraph above as though fully set forth herein.

78.     Plaintiffs are informed, believe, and thereon allege that they were harmed by the actions of Deputy DOE 1 when their son and grandson, Decedent was shot and killed. Plaintiffs further allege and believe that Defendants Los Angeles County and Los Angeles County Sheriff's Department, inclusive, negligently hired, supervised, and retained Deputy DOE 1, among others.

79.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants hired Deputy DOE 1. Plaintiffs are further informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants owed a duty of care to all reasonably foreseeable people, including Plaintiffs and Decedent, to reasonably hire, select, retain, and

13

1    discipline their police deputies and to reasonably train and supervise their deputies to carry out their

2    law enforcement duties, including particularly, with the use of any firearms or any force whatsoever, in

3    a reasonable manner.

4         80.    Plaintiffs are further informed, believe, and thereon allege that at all times relevant and

5    mentioned herein, Defendants breached these duties by failing to adequately train and supervise their

6    deputies in the use of force. In fact, deputies at the scene were negligently and poorly trained,

7    negligently and poorly hired, negligently and poorly supervised (both at the scene and before), and

8    negligently retained. Additionally, Defendants were negligent in the hiring, training, supervision,

9    retention, and disciplining of the deputies involved in the shooting, as well as the officers who trained

10   the involved deputies throughout their careers, from the academy to the date in question.

11        81.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

12   mentioned herein, that Deputy DOE 1 was always unfit and incompetent to perform the work for which

13   he was hired. In particular, Deputy DOE 1 was improperly provided a gun and entrusted with the

14   ability to use lethal force on members of the public.

15        82.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and

16   mentioned herein, Defendants knew or should have known that Deputy DOE 1 was unfit and

17   incompetent to carry out the duties of a police officer. Specifically, Plaintiffs are further informed,

18   believe, and thereon allege that at all times relevant and mentioned herein, Defendant Deputy DOE 1

19   had a history of misconduct and use of excessive force.

20        83.    Defendants further breached their duty since the deputies who were at the scene of the

21   subject incident, including Defendant DOE had a history of bad traffic and pedestrian stops, improper

22   uses of force, improperly discharging their firearms, failing to follow proper procedures, and making

23   false statements during investigations. Yet this deputy was never disciplined, or was not disciplined

24   properly, and was never trained or re-trained properly, and was never removed from service.

25        84.    Plaintiffs also are informed, believe, and thereon allege that at all times relevant and

26   mentioned herein, Defendants knew or should have known that Defendant Deputy DOE 1 had possible

27   affiliations with gangs within the Los Angeles County Sheriff's Department.

28

14

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

85.    For all of the aforementioned reasons, Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendant Deputy DOE 1 was unfit and incompetent to work as a deputy and that this unfitness and incompetence created a particular risk to others including Decedent.

86.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendant Deputy DOE 1's unfitness and incompetence caused the tragic death of Decedent when he, without provocation or justification, and in violation of Defendants' own policies and procedures, chased after Decedent down the residential driveway and fatally shot at Decedent's back multiple times, inflicting a fatal gunshot wound.

87.    Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants' negligence in hiring, supervising, and retaining Defendant Deputy DOE 1 was a substantial factor in causing the death of Decedent.

88.    The conduct of Defendants was done within the course and scope of their employment, agency and/or service with Defendants LA County and LASD, and under color of their authority, and Defendants LA County and LASD are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3 and 820.

89.    As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of the law, by Defendants, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective Decedent.

90.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

91.    As a legal, direct, and proximate result of the conduct of Defendants, Plaintiffs hereby seek all damages accruing to Decedent in a survival action, under California Code of Civil Procedure

1  section 377.34, including punitive damages. In addition, Plaintiffs seek all damages under the Bane

2  Act, including, but not limited to, attorneys' fees.

### SEVENTH CAUSE OF ACTION

#### Violation of 42 U.S.C. 1983

*Plaintiffs vs. All Defendants and DOES 1 through 50 inclusive*

6      92.   Plaintiffs reallege and reincorporate by reference each and every paragraph above as

7  though fully set forth herein.

8      93.   This cause of action is brought on behalf of Decedent by and through his Successors in

9  interest, Plaintiffs Fred Williams and Donna Louise Williams, who would but for his death be entitled

10  to bring this cause of action and is set forth herein.

11     94.   Plaintiff Fred Williams III, by and through his successors in interest maintains that

12  Defendants, especially Deputy DOE 1, acting within the purpose, scope and course of County of Los

13  Angeles, and Los Angeles County Sheriff's Department's service and employment, unjustifiably, by

14  use of deadly and excessive force, deprived Decedent of his privileges, and/or immunities secured to

15  Decedent by the Fourteenth Amendment of the Constitution of the United States to associate with his

16  father, with his grandmother, rights to enjoy care, companionship, familial relationship, and to be free

17  from arbitrary and unreasonable governmental intrusions in Decedent's family unit.

18     95.   Defendants' conduct violated Decedent's rights, as provided for under the Fourth

19  Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or

20  unreasonable use of deadly force against him, by having forced Decedent to endure great conscious

21  pain and suffering caused by Deputy DOE 1's conduct before his death.

22     96.   Defendants and each of them, acted under color of law by shooting and killing Decedent

23  without any lawful justification and subjecting Decedent to excessive force thereby depriving him of

24  certain constitutionally protected rights, including, but not limited to the right to be free from

25  unreasonable governmental seizures of his person.

26     97.   As a direct and proximate result of the wrongful acts and omissions of Defendants, and

27  especially Deputy DOE 1's above actions, Defendants were acting under color of state law, and without

28  due process of law when they deprived Plaintiffs of their right to a familial relationship by seizing

1    Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted

2    in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force

3    and hide the true cause of Decedent's demise to deprive Plaintiffs of their right to seek redress in

4    violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the

5    United States Constitution.

6          98.    As a further direct and proximate result of the wrongful acts and omissions of

7    Defendants, Plaintiffs, Fred Williams Jr. and Donna Louise Williams, have suffered extreme and severe

8    emotional distress, mental anguish, and pain, and have been deprived of the life-long love,

9    companionship, comfort, support, society, care, and sustenance of Decedent and will continue to be so

10   deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

11         99.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant

12   to 42 U.S.C. § 1988.

13                                          **PRAYER**

14   WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

15   **On all Causes of Action:**

16   A.     General damages in an amount in excess of the minimum jurisdictional limits of this

17          Court;

18   B.     All medical expenses, both past and future, according to proof;

19   C.     All loss of earnings, earning capacity, and profits according to proof;

20   D.     All incidental damages, according to proof;

21   E.     Costs of suit incurred herein; and

22   F.     Such other and further relief as this Court may deem just and proper.

23   **As to the Second, Third, Fourth, Fifth and Sixth Causes of Action:**

24   A.     An award of punitive damages for Defendants' malicious, oppressive, fraudulent or

25          reckless conduct, in an amount sufficient to punish such conduct and to deter such

26          conduct in the future.

27   //

28   //

1

## DEMAND FOR TRIAL BY JURY

2      Plaintiffs demand a trial by jury of all issues so triable in this action

3

4   Dated: March 18, 2020                    LAW OFFICES OF BRIAN D. WITZER, INC.

5

6                                            _____

7                                            Brian D. Witzer
                                             Eric R. Canton
8                                            Kenneth J. Melrose
                                             Attorneys for Plaintiffs DONNA LOUISE WILLIAMS,
9                                            individually and as successor in interest to the ESTATE
                                             OF FRED WILLIAMS III, THE ESTATE OF FRED
10                                           WILLIAMS III, and FRED WILLIAMS JR.,
                                             individually
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LAW OFFICES OF BRIAN D. WITZER, INC.
    Brian D. Witzer (SBN 123277)
2   Eric C. Canton (SBN 311666)
    Kenneth J. Melrose (SBN 310113)
3   2393 Venus Drive
    Los Angeles, California 90046
4   Telephone: (310) 777-5999
    Facsimile: (310) 777-5988
5

6
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                COUNTY OF LOS ANGELES – CENTRAL DISTRICT
8

9
    DONNA LOUISE WILLIAMS, individually and   )   Case No.
10  as Successor-in-Interest to THE ESTATE OF  )
    FRED WILLIAMS III; THE ESTATE OF FRED      )   DECLARATION OF KENNETH J.
11  WILLIAMS III, and, FRED WILLIAMS JR., an   )   MELROSE IN SUPPORT OF PLAINTIFFS'
    individual,                                )   COMPLAINT
12                                             )
13                  Plaintiffs                 )
                                               )
14  vs.                                        )
                                               )   [Amount Demanded Exceeds $25,000]
15  COUNTY OF LOS ANGELES, a municipal         )
    entity, LOS ANGELES COUNTY SHERIFF'S       )   DEMAND FOR JURY TRIAL
16  DEPARTMENT, a municipal entity, SHERIFF    )
    ALEX VILLANUEVA, in his individual and     )
17  official capacities, and DOES 1-50 inclusive, )
                                               )
18                                             )
                    Defendants.                )
19

20

21

22

23

24

25

26

27

28

---
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DECLARATION OF KENNETH J. MELROSE

I, KENNETH J. MELROSE, state and declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and am attorney of record for Plaintiffs, DONNA LOUISE WILLIAMS, THE ESTATE OF FRED WILLIAMS III, and FRED WILLIAMS JR., in the above-captioned matter.

2. As such, I have personal knowledge of the facts surrounding the present action and all the facts herein stated. If called as a witness, I could and would testify competently to the following:

3. I make this declaration in support of Plaintiff's Complaint, including its compliance with the Government Tort Claims Act and Exhibits referenced within the body of the Complaint.

4. Attached hereto collectively as Exhibit "A" are true and correct copies of Plaintiff's November 4, 2020 Notices of Claim ("Claims"), which were served on the County of Los Angeles Board of Supervisors (hereinafter at times referred to as "the County,") on or about that date, apprising the County of Plaintiffs' collective intent to file claims for personal injury and wrongful death against it and its various agencies, including, but not limited to, the Los Angeles County Sheriff's Department.

5. Attached hereto collectively as Exhibit "B" are true and correct copies of the January 22, 2021, responses from the County stating that Plaintiff's Claims were all rejected by operation of law on December 21, 2020.

6. Those responses comprising Exhibit "B" collectively informed Plaintiffs that pursuant to Government Code Section 945.6, they had six months from January 22, 2021, to initiate legal action based on the Claims.

7. Based on the foregoing, I believe that Plaintiffs have made a good faith effort to fully comply with the Government Tort Claims Act prior to the initiation of this suit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of March 2021, in the State of California.


                                        /s/ Kenneth J. Melrose

                                        KENNETH J. MELROSE, Declarant

# EXHIBIT A

LAW OFFICES OF
## BRIAN D. WITZER, INC.
WITZER LAW BUILDING
2393 VENUS DRIVE
LOS ANGELES, CALIFORNIA 90046

EMAIL: brian@witzerlaw.com          (310) 777-5999     FAX (310) 777-5988          www.witzerlaw.com

November 4, 2020

Executive Office, Board of Supervisors
Attn: Claims
Kenneth Hahn Hall of Administration
500 W. Temple St., Room 383
Los Angeles, CA 90012

*Sent via Certified Mail, Return Receipt Requested*

Dear Board of Supervisors, County of Los Angeles:

The Estate of Fred Williams III (hereinafter "Claimant"), by and through its representative Fred Allen Williams, Jr., hereby makes claim against the Los Angeles County Sheriff's Department ("LASD") and makes the following statements in support of the claim:

1. Claimant's post office address was 2109 East 120th Street, Los Angeles, CA 90059.

2. Notices concerning this claim should be sent to The Law Offices of Brian D. Witzer, 2393 Venus Drive, Los Angeles, California 90046.

3. The occurrence giving rise to this claim took place around 5:30 P.M. on October 16, 2020 in Willowbrook, California. Specifically, the occurrence took place near Mona Park in the 2200 block of East 121st Street.

4. The circumstances giving rise to this claim are as follows:

   a. LASD deputies from the Century Sheriff's Station were patrolling Mona Park when they spotted Claimant allegedly in possession of a firearm in the presence of ten to fifteen other individuals congregated in a parking lot.
   b. After an unprovoked confrontation, one of the Sheriff's deputies got out of his patrol car whereupon Claimant departed from the parking lot on foot. Claimant ran down a driveway and into a backyard, with the Sheriff's deputy pursuing on foot, weapon drawn, through private properties.
   c. Claimant eventually climbed on top of a garden shed in an attempt to escape by jumping over a high brick wall.
   d. Claimant was mid-air, leaping over the brick wall, when the Sheriff's deputy sprinted around the corner, gun drawn and pointed, and, failing to assess the situation at all, immediately fired multiple shots at Claimant.

BRIAN D. WITZER
LAW OFFICES OF BRIAN D. WITZER, INC.

    e.  At least one bullet struck Claimant in the back. Claimant subsequently fell onto the ground on the other side of the fence.

    f.  Claimant perished, as the direct result of his injuries, shortly thereafter.

5.  In the event the Board rejects this claim, Claimant anticipates filing, without limitation, the following causes of action in a Court of competent jurisdiction:

    a.  **Negligence.** The LASD and the Sheriff's deputy under its employ breached the standard of care they owed to Claimant, as well as the public in general, and said breach was the direct, legal, and proximate cause of the death of Claimant.

    b.  **Negligent Training/Retention/Supervision.** Claimant would be alive today but for the LASD's failure to undertake proper screening procedures in hiring the involved Sheriff's deputy and/or the LASD's failure to properly train the Sheriff's deputy.

    c.  **Vicarious Liability.** Claimant was killed by the actions of the Sheriff's deputy, actions which were undertaken while that deputy was acting in the course and scope of his employment with LASD.

    d.  **Survival Action.** The intentional, reckless, and negligent actions of the Sheriff's deputy legally, directly, and proximately resulted in the death of the Claimant, and the Sheriff's deputy's actions amounted to an excessive and unjustifiable use of deadly force.

    e.  **Assault.** The Sheriff's Deputy's pursuit of Claimant with his gun drawn, and subsequent pointing of the weapon at Claimant, caused Claimant to suffer apprehension of an immediate harmful contact to his person, a threat that the Sheriff's deputy appeared reasonably able to carry out, and in fact did carry out, by virtue of his status as a law enforcement officer.

    f.  **Battery.** The excessive and unjustifiable use of deadly force resulted in an offensive contact with Claimant's person, resulting in his death.

    g.  **Violation of the Bane Act (Cal. Civ. Code § 52.1).** The deputy intentionally interfered by threats, intimidation and/or coercion, with the exercise and enjoyment by Claimant, prior to his death, of rights secured by the Constitution of the United States, including but not limited to his right to be secure in his person and free from the use of excessive force and the right of protection from bodily restraint and harm.

**BRIAN D. WITZER**
LAW OFFICES OF BRIAN D. WITZER, INC.

6. Claimant's injuries are of the highest order as he died as the direct result of the injuries he suffered at the hands of the LASD Sheriff's deputy. Furthermore, Claimant will be seeking general damages, economic damages, and punitive damages, in an amount to be determined at trial.

7. The name of the Sheriff's deputy who caused Claimant's injuries is currently unknown, as the identity of same has been thus far withheld by LASD.

DATED: November 4, 2020                    The Law Offices of Brian D. Witzer


By: _____
Brian D. Witzer, Esq.
Kenneth J. Melrose, Esq.
Attorneys for the Estate of Fred Williams III

LAW OFFICES OF
### BRIAN D. WITZER, INC.
WITZER LAW BUILDING
2393 VENUS DRIVE
LOS ANGELES, CALIFORNIA 90046

EMAIL: brian@witzerlaw.com          (310) 777-5999     FAX (310) 777-5988          www.witzerlaw.com

November 4, 2020

Executive Office, Board of Supervisors
Attn: Claims
Kenneth Hahn Hall of Administration
500 W. Temple St., Room 383
Los Angeles, CA 90012

*Sent via Certified Mail, Return Receipt Requested*

Dear Board of Supervisors, County of Los Angeles:

Fred Allen Williams, Jr. and Donna Louise Williams (collectively, "Claimants") hereby make claim against the Los Angeles County Sheriff's Department ("LASD") and make the following statements in support of the claim:

1. Claimants' post office address is 2109 East 120th Street, Los Angeles, CA 90059.

2. Notices concerning this claim should be sent to The Law Offices of Brian D. Witzer, 2393 Venus Drive, Los Angeles, California 90046.

3. The occurrence giving rise to this claim took place around 5:30 P.M. on October 16, 2020 in Willowbrook, California. Specifically, the occurrence took place near Mona Park in the 2200 block of East 121st Street.

4. The circumstances giving rise to this claim are as follows:

   a. LASD deputies from the Century Sheriff's Station were patrolling Mona Park when they spotted Claimant allegedly in possession of a firearm in the presence of ten to fifteen other individuals congregated in a parking lot.
   b. After an unprovoked confrontation, one of the Sheriff's deputies got out of his patrol car whereupon Claimant departed from the parking lot on foot. Claimant ran down a driveway and into a backyard, with the Sheriff's deputy pursuing on foot, weapon drawn, through private properties.
   c. Claimant eventually climbed on top of a garden shed in an attempt to escape by jumping over a high brick wall.
   d. Claimant was mid-air, leaping over the brick wall, when the Sheriff's deputy sprinted around the corner, gun drawn and pointed, and, failing to assess the situation, immediately fired multiple shots at Claimant.

**BRIAN D. WITZER**
LAW OFFICES OF BRIAN D. WITZER, INC.

      e.  At least one bullet struck Claimant in the back. Claimant subsequently fell onto the ground on the other side of the fence.

      f.  Claimant perished, as the direct result of his injuries, shortly thereafter.

5.  In the event the Board rejects this claim, Claimants anticipate filing, without limitation, the following causes of action in a Court of competent jurisdiction:

      a.  **Wrongful Death.** The Sheriff's deputy's actions directly resulted in the death of Decedent, and the deputy's actions amounted to an excessive and unjustifiable use of deadly force.

      b.  **Negligent Infliction of Emotional Distress.** The actions of the Sheriff's deputy were a substantial factor in causing Claimants to suffer emotional distress, including but not limited to feelings of anguish, sorrow, grief, anxiety, suffering, and shock.

6.  Claimants' injuries are of the highest order—their loved one died as the direct result of the injuries suffered at the hands of the LASD Sheriff's deputy. Furthermore, Claimant will be seeking general damages, economic damages, and punitive damages, in an amount to be determined at trial.

7.  The name of the Sheriff's deputy who caused the Claimant's injuries is currently unknown, as the identity of same has been thus far been withheld by LASD.

DATED: November 4, 2020

The Law Offices of Brian D. Witzer

By: _____
Brian D. Witzer, Esq.
Kenneth J. Melrose, Esq.
Attorneys for Fred Williams III

# EXHIBIT B



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

January 22, 2021

Brian D. Witzer, Esq.
LAW OFFICES OF
BRIAN D. WITZER, INC.
WITZER LAW BUILDING
2393 Venus Drive
Los Angeles, California 90046

Re:  Claim Presented:          November 4, 2020
      File Number:             20-1163663*001
      Your Client:             Estate of Fred Williams, III

Dear Counselor:

    Notice is hereby given that the claim that you presented to the
County of Los Angeles, Board of Supervisors on **November 4, 2020**, was rejected
by operation of law on **December 21, 2020**. No further action will be taken on
this matter.

## WARNING

    Subject to certain exceptions, you have only six (6) months from the date
this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6.

    This time limitation applies only to causes of action for which
Government Code Sections 900 - 915.4 require you to present a claim. Other
causes of action, including those arising under federal law, may have different
time limitations.

HOA.103124095.1

Brian D. Witzer, Esq.
January 22, 2021
Page 2


   You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

       Very truly yours,

       RODRIGO A. CASTRO-SILVA
       County Counsel

       By

        MARK W. LOMAX
        Deputy County Counsel
        Litigation Monitoring Team

MWL:ce

1                              <u>PROOF OF SERVICE</u>

2                           File No. 20-1163663*001

3 STATE OF CALIFORNIA, County of Los Angeles:

4     I am employed in the County of Los Angeles, State of California, over the age of eighteen
years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of
5 Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6     That on January 26, 2021, I served the attached

7                       NOTICE OF DENIAL LETTER

8     upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a
sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:
9

10               Brian D. Witzer, Esq.
              LAW OFFICES OF
11               BRIAN D. WITZER, INC.
              WITZER LAW BUILDING
12               2393 Venus Drive
              Los Angeles, California 90046

13     ☒      By United States mail. I enclosed the documents in a sealed envelope or package
              addressed to the persons at the addresses on the attached service list (specify one):
14

15     (1) ☐  deposited the sealed envelope with the United States Postal Service, with the
            postage fully prepaid.

16     (2) ☒  placed the envelope for collection and mailing, following ordinary business
            practices. I am readily familiar with this business's practice for collecting and
17             processing correspondence for mailing. On the same day that correspondence is
            placed for collection and mailing, it is deposited in the ordinary course of business
18             with the United States Postal Service, in a sealed envelope with postage fully
            prepaid.
19

20             I am a resident or employed in the county where the mailing occurred. The
            envelope or package was placed in the mail at Los Angeles, California:

21     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
22
    Executed on January 26, 2021, at Los Angeles, California.
23

24 _Carolyn Edwards_        _Carolyn Edwards_
25    (NAME OF DECLARANT)        (SIGNATURE OF DECLARANT)

26

27

28

HOA.103124096.1



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

January 22, 2021

Brian D. Witzer, Esq.
LAW OFFICES OF
BRIAN D. WITZER, INC.
WITZER LAW BUILDING
2393 Venus Drive
Los Angeles, California 90046

|  | |  |
|---|---|---|
| Re: | Claim Presented: | November 4, 2020 |
|  | File Number: | 20-1163663*003 |
|  | Previous File Number: | 20-1163662*001 |
|  | Your Client: | Donna Louise Williams |
|  | Decedent: | Fred Williams, III |

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **November 4, 2020**, was rejected by operation of law on **December 21, 2020**. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103124112.1

Brian D. Witzer, Esq.
January 22, 2021
Page 2

       You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

       Very truly yours,

       RODRIGO A. CASTRO-SILVA
       County Counsel

       By

          MARK W. LOMAX
          Deputy County Counsel
          Litigation Monitoring Team

MWL:ce

HOA.103124112.1

1          <u>PROOF OF SERVICE</u>

2          File No. 20-1163663*003

3   STATE OF CALIFORNIA, County of Los Angeles:

4          I am employed in the County of Los Angeles, State of California, over the age of eighteen
    years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of
5   Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6          That on January 26, 2021, I served the attached

7          NOTICE OF DENIAL LETTER

8          upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a
    sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

9
          Brian D. Witzer, Esq.
10        LAW OFFICES OF
          BRIAN D. WITZER, INC.
11        WITZER LAW BUILDING
          2393 Venus Drive
12        Los Angeles, California 90046

13        ☒        By United States mail.  I enclosed the documents in a sealed envelope or package
                   addressed to the persons at the addresses on the attached service list (specify one):
14
          (1) ☐   deposited the sealed envelope with the United States Postal Service, with the
15                postage fully prepaid.

16        (2) ☒   placed the envelope for collection and mailing, following ordinary business
                  practices.  I am readily familiar with this business's practice for collecting and
17                processing correspondence for mailing.  On the same day that correspondence is
                  placed for collection and mailing, it is deposited in the ordinary course of business
18                with the United States Postal Service, in a sealed envelope with postage fully
                  prepaid.

19
                  I am a resident or employed in the county where the mailing occurred.  The
20                envelope or package was placed in the mail at Los Angeles, California:

21        I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

22
          Executed on January 26, 2021, at Los Angeles, California.

23

24  CAROLYN EDWARDS                          Carolyn Edwards
25        (NAME OF DECLARANT)                        (SIGNATURE OF DECLARANT)

26

27

28

    HOA.103124114.1



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

January 22, 2021

Brian D. Witzer, Esq.
LAW OFFICES OF
BRIAN D. WITZER, INC.
WITZER LAW BUILDING
2393 Venus Drive
Los Angeles, California 90046

> Re:  Claim Presented:            November 4, 2020
>       File Number:                20-1163663*002
>       Previous File Number:       20-1163661*001
>       Your Client:                Fred Allen Williams, Jr.
>       Decedent:                   Fred Williams, III

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on November 4, 2020, was rejected by operation of law on December 21, 2020. No further action will be taken on this matter.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103124103.1

Brian D. Witzer, Esq.
January 22, 2021
Page 2

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

RODRIGO A. CASTRO-SILVA
County Counsel

By

MARK W. LOMAX
Deputy County Counsel
Litigation Monitoring Team

MWL:ce

HOA.103124103.1

<u>PROOF OF SERVICE</u>

File No. 20-1163663*002

STATE OF CALIFORNIA, County of Los Angeles:

    I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

    That on January 26, 2021, I served the attached

<div align="center">NOTICE OF DENIAL LETTER</div>

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

        Brian D. Witzer, Esq.
        LAW OFFICES OF
        BRIAN D. WITZER, INC.
        WITZER LAW BUILDING
        2393 Venus Drive
        Los Angeles, California 90046

☒    By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒  placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 26, 2021, at Los Angeles, California.

CAROLYN EDWARDS            _Carolyn Edwards_
_____      _____
(NAME OF DECLARANT)      (SIGNATURE OF DECLARANT)

HOA.103124101.1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2021 10:27 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV10906

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>The Law Offices of Brian D. Witzer, Inc., 2393 Venus Dr., Los Angeles, CA<br>Brian D. Witzer (SBN 123277) Eric R. Canton (SBN 311666) Kenneth J. Melrose (SBN 310113)<br><br>TELEPHONE NO.: (310) 777-5999      FAX NO.: (310) 777-5988<br>ATTORNEY FOR *(Name):* Donna Louise Williams and Fred Williams Jr. | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Williams, et al. v. County of Los Angeles, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>21STCV10906 |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☑ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* See Attachment No. 1
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03-18-21

BRIAN D. WITZER
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/22/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Clifton _____ Deputy

</td></tr>
</table>

| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV10906 |
|---|---|

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Daniel M. Crowley | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          Sherri R. Carter, Executive Officer / Clerk of Court

on 03/22/2021 _____                                   By R. Clifton _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may **not** be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     o Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     o Free, day- of- trial mediations at the courthouse. No appointment needed.
     o Free or low-cost mediations before the day of trial.
     o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2